**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

**JOHN BRIDGELAL and WILKINS BELLIARD, Individually and on Behalf of All Others Similarly Situated,**

**Plaintiffs,**

**-against-**

**NY RENAISSANCE CORP., DAN PIRVULESCU and MONIQUE DELACROIX, Jointly and Severally,**

**Defendant.**

**No. 15 Civ. 3571 (ADS)(AKT)**

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO CONDITIONALLY CERTIFY A FAIR LABOR STANDARDS ACT COLLECTIVE ACTION AND AUTHORIZE NOTICE TO BE ISSUED TO ALL PERSONS SIMILARLY SITUATED

**PELTON GRAHAM LLC**
Brent E. Pelton
Taylor B. Graham
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700

*Attorneys for Plaintiffs, the putative Collective and Class*

# TABLE OF CONTENTS

**Page**

Table of Authorities ..... ii

PRELIMINARY STATEMENT ..... 1

ARGUMENT ..... 2

I. PLAINTIFFS HAVE SATISFIED THEIR BURDEN FOR CONDITIONAL CERTIFICATION ..... 2

II. DEFENDANTS' LENGTHY ARGUMENTS REGARDING LIQUIDATED DAMAGES MUST FAIL IN LIGHT OF SHADY GROVE ..... 3

III. DEFENDANTS' ARGUMENTS REGARDING THE STATE COURT ACTIONS AND DAMAGES ARE PREMATURE, IRRELEVANT AND MERITLESS ..... 5

IV. PLAINTIFFS' PROPOSED NOTICE AND POSTING ARE APPROPRIATE ..... 7

A. Plaintiff's Notice Sufficiently Informs Putative Plaintiffs of the State-Law Claims in This Action ..... 7

B. The Collective Action Period May Commence July 23, 2012 ..... 8

C. Posting At Defendants' Offices and Facilities is Efficient and Does Not Unduly Burden Defendants ..... 9

CONCLUSION ..... 9

# TABLE OF AUTHORITIES

## CASES

*Cava v. Tranquility Salon & Day Spa, Inc.*,
No. 13-cv-1109, 2014 U.S. Dist. LEXIS 21411 (E.D.N.Y. Feb. 20, 2014) .......... 5

*Damassia v. Duane Reade*,
250 F.R.D. 152 (S.D.N.Y. 2008) .......... 7

*Enriquez v. Cherry Hill Mkt. Corp.*,
No. 10-cv-5616, 2012 U.S. Dist. LEXIS 17036 (E.D.N.Y. Feb. 10, 2012) .......... 9

*Jackson v. Bloomberg L.P.*,
298 F.R.D. 152 (S.D.N.Y. 2014) .......... 2

*Gasper v. Personal Touch Moving, Inc.*,
No. 13-cv-8187, 2014 U.S. Dist. LEXIS 129856 (S.D.N.Y. Sept. 15, 2014) .......... 6

*Gold v. N.Y. Life Ins. Co.*,
730 F.3d 137 (2d Cir. 2013) .......... 4

*Guzman v. VLM, Inc.*,
No. 07-cv-1126, 2008 U.S. Dist. LEXIS 15281 (E.D.N.Y. Mar. 2, 2008) .......... 8

*Iglesias-Mendoza v. La Belle Farm, Inc.*,
239 F.R.D. 363 (S.D.N.Y. 2007) .......... 4, 7

*Kemper v. Westbury Operating Corp.*,
No. 12-cv-895, 2012 U.S. Dist. LEXIS 149682 (E.D.N.Y. Oct. 18, 2012) .......... 7

*Klein v. Ryan Beck Holdings, Inc.*,
No. 06-cv-3460, 2007 U.S. Dist. LEXIS 51467 (S.D.N.Y. July 13, 2007) .......... 5, 6, 8

*Landin v. UBS Services USA LLC*,
No. 10-cv-711, 2012 U.S. Dist. LEXIS 19957 (S.D.N.Y. Feb. 14, 2012) .......... 7

*Lewis v. Nat'l Fin. Sys.*,
06-cv-1308, 2007 U.S. Dist. LEXIS 62320 (E.D.N.Y. Aug. 23, 2007) .......... 3-4

*Morangelli v. Chemed Corp.*,
922 F. Supp. 2d 278 (E.D.N.Y. 2013) .......... 6

*Moreira v. Sherwood Landscaping Inc.*,
No. 13-cv-2640, 2015 U.S. Dist. LEXIS 43919 (E.D.N.Y. Mar. 31, 2015) .......... 4

*Myers v. Hertz Corp.*,
624 F.3d 537 (2d Cir. 2010) .......... 2

*Said v. SBS Elecs., Inc.*,
No. 08-cv-3067, 2010 U.S. Dist. LEXIS 31744 (E.D.N.Y. Feb. 24, 2010) ............................ 6

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
559 U.S. 393 (2010) ............................................................................................ 3, 4

*Vassallo Constructamax, Inc.*,
No. 10-cv-5323, 2011 U.S. Dist. LEXIS 48248 (E.D.N.Y. May 5, 2011) .............................. 7

*Whitehorn v. Wolfgang's Steakhouse, Inc.*,
767 F. Supp. 2d 445 (S.D.N.Y. 2011) ........................................................................ 9

*Winfield v. Citibank, N.A.*,
843 F. Supp. 2d 397 (S.D.N.Y. 2012) ........................................................................ 2

**STATUTES, RULES, AND REGULATIONS**

Federal Rules of Civil Procedure.
23 ............................................................................................................ 4, 5, 7, 8

N.Y. C.P.L.R.
§ 901 ........................................................................................................... 3, 4

The Named Plaintiffs respectfully submit this reply memorandum of law in further support of their motion for an order conditionally certifying this matter as a collective action and permitting court supervised notification pursuant to 29 U.S.C. § 216(b).

**PRELIMINARY STATEMENT**

In their opposition ("Defs.' Opp."), Defendants set forth several arguments as to why the Court should not grant conditional certification of a collective action and permit notice to be issued without ever addressing the standards or the purpose of conditional certification at this stage in the action. Defendants rely on caselaw and state law that have been overturned by a 2010 Supreme Court case, conflate 216(b) conditional certification and Rule 23 class certification, and otherwise present very little support for their remaining arguments.

For conditional certification to be granted, Plaintiffs must provide evidence that they and other employees of Defendants were subject to Defendants' unlawful policy of failing to pay overtime premiums. In submitting declarations of the Named Plaintiffs describing such policies in detail, as well as paystubs of Plaintiff Bridgelal showing straight-time payment for hours worked in excess of forty (40) in a workweek, Plaintiffs have more than satisfied their burden for conditional certification and issuance of notice to similarly situated employees. Defendants have failed even to suggest that Defendants' other glaziers, laborers, helpers, installers and foremen are in any way not similarly situated to the Named Plaintiffs or are paid any differently from the Plaintiffs, nor could they make such a showing. Simply put, none of Defendants' arguments have any bearing on conditional certification and furthermore are meritless.

Accordingly, Plaintiffs respectfully request that the Court grant their motion for conditional certification and authorize notice to be issued to all current and former glaziers,

laborers, helpers, installers, and foremen who are or were employed by Defendants at any time from July 23, 2012 to the present (the "Collective Action Members").

## ARGUMENT

### I. PLAINTIFFS HAVE SATISFIED THEIR BURDEN FOR CONDITIONAL CERTIFICATION

It is beyond cavil that the sole inquiry at the first stage of conditional certification of an FLSA collective is whether "plaintiffs have made a 'modest factual showing' that they and potential class members are similarly situate insofar as they 'were victims of a common policy or plan that violated the law.'" *Jackson v. Bloomberg LP*, 293 F.R.D. 152, 158 (S.D.N.Y. 2014) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)). Plaintiffs typically make this showing by proffering their declarations or declarations of class members detailing the common policy at issue. *Id.* At this stage, courts do not "resolve factual disputes, decide substantial issues going to the ultimate merits, or make credibility determinations." *Id.* (internal quotations omitted). Since the standard for evaluating conditional certification is "very low and considerably less stringent than the requirements for class certification under Rule 23" and "the determination that plaintiffs are similarly situated is merely a preliminary one, courts generally grant conditional certification." *Id.*, at 158-59 (internal citations omitted). In other words, the inquiry is quite limited at this stage. Put plainly, "[i]f the plaintiffs demonstrate that 'similarly situated' employees exist, the Court should conditionally certify the class, order that appropriate notice be given to putative class members, and the action should continue as a collective action." *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 402 (S.D.N.Y. 2012).

Defendants have set forth no arguments that Plaintiffs have failed to meet their low burden as to any of these factors. Defendants have not suggested that their glaziers, laborers, helpers, installers and foremen have not experienced the payroll policies described in Plaintiffs'

declarations and established by Defendant Bridgelal's paystubs. Defendants have not in fact offered any substantive way in which any members of the proposed collective differ from Plaintiffs, in regards to payroll practices or otherwise. In Defendants' opposition, Defendants set forth a number of outdated, unsupported and meritless arguments regarding various elements of Plaintiffs' claims, but significantly, none of them actually pertain to the standards for conditional certification.

Plaintiffs seek a modest collective consisting of employees who performed similar construction duties. Certification is appropriate since Plaintiffs have attested to—and provided evidence of—Defendants' payment of straight-time rates and resulting failure to pay overtime premiums and have identified co-workers with similar duties with whom Plaintiffs have discussed Defendants' failure to pay overtime. *See Morris v. Lettire Constr. Corp.*, 896 F. Supp. 2d 265, 270 (S.D.N.Y. 2012) (certified collective included employees who worked at other locations, since pay policies were consistent and defendant exercised control of all sites). Therefore, Plaintiffs have satisfied the "similarly situated" inquiry required for conditional certification of a collective action and authorization of notice to members of the collective.

## II. DEFENDANTS' LENGTHY ARGUMENTS REGARDING LIQUIDATED DAMAGES MUST FAIL IN LIGHT OF SHADY GROVE

As an initial matter, Defendants' arguments regarding N.Y. C.P.L.R. § 901's prohibition on the assertion of liquidated damages for NYLL class action claims are completely irrelevant to this motion, since Plaintiffs seek solely conditional certification of an FLSA collective at this time, not certification of a Rule 23 class. Even prior to *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), courts addressed conditional certification separately from the liquidated damages prohibition of N.Y. C.P.L.R. § 901, which was discussed at the Rule 23 certification stage, particularly with regard to class notice. *See, e.g.*, *Lewis v. Nat'l Fin. Sys.,* No.

06-cv-1308, 2007 U.S. Dist. LEXIS 62320, at *21 (E.D.N.Y. Aug. 23, 2007) (granting conditional certification and declining to decide whether N.Y. C.P.L.R. § 901 precluded certification since Rule 23 certification was denied without prejudice); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 373 (S.D.N.Y. 2007) (permitting Rule 23 certification and waiver of liquidated damages, "as long as notice is provided to the Rule 23 class instructing individuals how to opt-out"). However, in the interests of thoroughness and preempting the repetition of such arguments at a later point in the litigation, Plaintiffs will address Defendants' assertions regarding liquidated damages.

In the 2010 decision, *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), the Supreme Court ruled that F.R.C.P. 23 preempts N.Y. C.P.L.R. § 901(b)'s rule barring liquidated damages in class actions, holding that "Rule 23 permits all class actions that meet its requirements, and a State cannot limit that permission by structuring one part of its statute to track Rule 23 and enacting another part that imposes additional requirements." *Id.*, 559 U.S. at 401. In other words, "New York law's prohibition on awarding statutory penalties in class actions [is] inapplicable to suits in federal court." *Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 140 n. 1 (2d Cir. 2013). Therefore, "contrary to Defendants' contentions, Plaintiffs do not need to waive their claims to liquidated damage' in order to proceed as a class action." *Moreira v. Sherwood Landscaping, Inc.*, No. 13-cv-2640, 2015 U.S. Dist. LEXIS 43919, at *16 (E.D.N.Y. Mar. 31, 2015) (internal quotations omitted).

Accordingly, all of Defendants' arguments regarding Plaintiffs' liquidated damages claims and notice to class members are moot after *Shady Grove* and furthermore misplaced, since Plaintiffs seek 216(b) conditional certification, not Rule 23 class certification, at this time.

## III. DEFENDANTS' ARGUMENTS REGARDING THE STATE COURT ACTIONS AND DAMAGES ARE PREMATURE, IRRELEVANT AND MERITLESS

Defendants appear to assert that Plaintiffs are not similarly situated to other glaziers, laborers, helpers, installers and foremen and cannot represent "the purported class" because all Collective Action Members would also be considered members of the class in the state court action. First, Defendants' argument improperly conflates the Rule 23 certification requirement that a plaintiff adequately represent that class with the 216(b) similarly situated analysis. Second, Defendants offer no explanation or support whatsoever for their assertion that the Named Plaintiffs are not similarly situated with individuals who may also be deemed members of the state court action. Third, it is well established that Plaintiffs' state law claims "could undoubtedly be prosecuted in state court" simultaneously with their prosecution of FLSA claims. *Klein v. Ryan Beck Holdings, Inc.*, No. 06-cv-3460, 2007 U.S. Dist. LEXIS 51467, at *17 (S.D.N.Y. July 13, 2007).

Defendants' concerns as to conflicting judgments and multiple recoveries by Plaintiffs and Class Members are extremely premature and completely out of place at the present stage of the litigation.[1] Both this Court and New York State Court are perfectly capable of addressing any issues regarding damages, settlements or monetary judgments, *see, e.g., Cava v. Tranquility Salon & Day Spa, Inc.*, No. 13-cv-1109, 2014 U.S. Dist. LEXIS 21411, at *23 (E.D.N.Y. Feb. 20, 2014) (plaintiff "may simultaneously assert her claims under the FLSA and NYLL as they are not mutually exclusive and the NYLL allows for a longer period of recovery," but cautioning that "courts will not award duplicative recovery and have been careful to parse out whether a plaintiff who has successfully shown violations of both the FLSA and NYLL should be able to

[1] While Defendants complain that "it would be fundamentally unfair" for Defendants to incur duplicative legal costs by simultaneously defending themselves in two separate class actions, Defendants have chosen to do just that. Defendants could have easily moved to stay or remove to this Court the state court action, which was filed a month after this action, but have chosen to defend both actions separately.

recover for certain claims under both statues") and the preclusive effect, if any, of any decisions or judgments issued in this action or the state court action. *See, e.g.*, *Morangelli v. Chemed Corp.*, 922 F. Supp. 2d 278, 290-92 (E.D.N.Y. 2013) (on summary judgment, discussing whether state-court settlement for certain overlapping claims released plaintiffs' claims). Defendants' objections that it would be "unfair" for them to defend multiple actions is baseless since the FLSA "does not guarantee that employers will never face traditional class actions pursuant to state employment law" but rather "guarantees merely that all collective actions brought *pursuant to it* will be affirmatively opted into." *Klein*, 2007 U.S. Dist. LEXIS 51467, at *19 (emphasis in original).

The arguments raised by Defendants have been addressed (and rejected) primarily in dispositive motions. If Defendants wish to move for dismissal of this Action or the state court action on any grounds discussed in their opposition or otherwise, they must do so at the appropriate procedural stage, which is in any event not a motion for conditional certification. *See Gasper v. Personal Touch Moving, Inc.*, No. 13-cv-8187, 2014 U.S. Dist. LEXIS 129856, at *5 (S.D.N.Y. Sept. 15, 2014) (rejecting motion to dismiss FLSA/NYLL action on the basis of state court action alleging similar NYLL claims). Similarly, at the stage where this Court would determine damages owed to Plaintiff, the Court may at that time take into consideration judgments or settlements awarded in the state court action. *See Said v. SBS Elecs., Inc.*, No. 08-cv-3067, 2010 U.S. Dist. LEXIS 31744, at *37 (E.D.N.Y. Feb. 24, 2010) (discussing settlement obtained by plaintiff and adjusting damages accordingly in order to prevent "the windfall of double recovery").

## IV. PLAINTIFFS' PROPOSED NOTICE AND POSTING ARE APPROPRIATE

### A. Plaintiffs' Notice Sufficiently Informs Putative Plaintiffs of the State-Law Claims in This Action

As an initial matter, Plaintiffs' proposed notice discusses the state-law claims in this Action on page one and paragraphs I and V. This type of notification is routinely ordered on conditional certification. *See, e.g.*, *Kemper v. Westbury Operating Corp.*, No. 12-cv-895, 2012 U.S. Dist. LEXIS 149682, at *12-13 (E.D.N.Y. Oct. 18, 2012) (approving inclusion of language pertaining to NYLL statute of limitations); *Vassallo Constructamax, Inc.*, No. 10-cv-5323, 2011 U.S. Dist. LEXIS 48248, at *4 (E.D.N.Y. May 5, 2011) ("it seems reasonable to at least alert potential opt-in plaintiffs to the fact that this lawsuit has additional claims"). As discussed above, all putative plaintiffs who join this Action are entitled to pursue liquidated damages claims, and any further notifications or opt-out forms regarding the state-law component of this action are properly addressed at the Rule 23 class certification of this action.

It is beyond cavil that the FLSA establishes an opt-in procedure and that conditional certification addresses solely this opt-in mechanism. Therefore, it would be utterly inappropriate to include an opt-out form for a Rule 23 class in notice for the FLSA collective action portion of this Action. *See, e.g.*, *Iglesias-Mendoza*, 239 F.R.D. at 367 ("In contrast to the 'opt-out' procedure of the Rule 23 class action, proposed class members to a FLSA representative action must "opt in"); *Damassia v. Duane Reade*, 250 F.R.D. 152, 164 (S.D.N.Y. 2008) (explaining that the right to opt in to a collective action is "not modified or abridged in any way" by the right to opt out of a class action, and vice versa). *Landin v. UBS Services USA LLC*, No. 10-cv-711, 2012 U.S. Dist. LEXIS 19957 (S.D.N.Y. Feb. 14, 2012), cited by Defendants, is completely inapposite since, in that case, the Court was approving a notice of settlement to a class including a Rule 23 class certified for the purposes of settlement. Similarly, there is no support for

Defendants' contention that the Notice should include mention of the state court actions. Whether or not a putative Collective Action Member joins this Action would have no effect whatsoever on his or her eligibility to participate in the state court action.

Finally, Defendants' argument that at this stage, collective action members must be notified of any potentially preclusive effects of the federal and state claims is baseless. *See, e.g.*, *Guzman v. VLM, Inc.*, No. 07-cv-1126, 2008 U.S. Dist. LEXIS 15821, at *30, fn. 12 (E.D.N.Y. Mar. 2, 2008) (the Court "fail[s] to grasp the significance of the defendants' claim that principles of res judicata could lead an absent Rule 23 class member's FLSA claim to be finally resolved even though the plaintiff fails to opt in to the FLSA collective action"). At the Rule 23 class certification stage, Plaintiffs will of course propose the proper notice to potential class members informing them of their choice to opt-out and the effect that remaining in the class could have on their claims. At that time, as the Court in *Klein* continued after the language quoted by Defendants, the "right of a prospective plaintiff to avoid the consequences of *res judicata*… can be protected by opting out of the Rule 23 class action." *Klein*, 2007 U.S. Dist. LEXIS 51465, at *22.

**B. The Collective Action Period May Commence July 23, 2012**

Defendants' argument regarding the appropriate temporal scope of the Collective Action Period is perplexing. At different points in Defendants' opposition, they request that the time period be limited "to the time period that NYR has been in operation i.e. since its formation on February 23, 2012." (Defs.' Opp., 2) and later request that the Collective Action Period should commence on July 23, 2012. (Defs.' Opp., 10). However, in light of Defendant Delacroix's representation to the Court that the Corporate Defendant did not have employees on payroll until

July 23, 2012, Plaintiffs hereby accept Defendants' request to set the beginning of the Collective Action Period to July 23, 2012.

**C. Posting At Defendants' Offices and Facilities Is Efficient and Does Not Unduly Burden Defendants**

Posting of 216(b) Notice is an effective and widely-used method for ensuring that all currently employed Collective Action Members are made aware of the pending action. Posting "is a reasonable means of assuaging vagaries of notice by mail and would not unduly the defendants." *Enriquez v. Cherry Hill Mkt. Corp.*, No. 10-cv-5616, 2012 U.S. Dist. LEXIS 17036, at *12 (E.D.N.Y. Feb. 10, 2012). For this reason, "Courts routinely approve request to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011). In consideration of the declaration of Defendant Delacroix regarding Defendants' concerns about posting notice at job sites, Plaintiffs will limit their request for posting to Defendants' offices and facilities, excluding job sites owned by third parties. Posting notice "in a reasonable location, such as on a bulletin board where the employer customarily posts notices to employees, will further the goal of providing notice of this lawsuit to potential opt-in plaintiffs." *Id.* Therefore, the Court should order Defendants "to post, in a reasonable location at each of Defendants' worksites… one copy of the Notice… and Consent to Join form," at locations including both Defendants' office and job sites. *Id.*, at *44.

**CONCLUSION**

As set forth above, there is strong evidence, even at this early stage of the litigation, that Plaintiffs and all putative Collective Action Members are 'similarly situated,' as defined by the FLSA. Accordingly, Plaintiffs respectfully request that this Court grant their motion for conditional certification and notice to the class in its entirety.

Dated: New York, New York
May 26, 2016

**PELTON GRAHAM LLC**

By: *_/s/ Taylor B. Graham_*

Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiffs, the putative Collective, and Class*